UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| International Brotherhood of Teamsters Local No. 25 and Sean M. O'Brien, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Guy Emerson, | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiffs International Brotherhood of Teamsters Local No. 25 ("Teamsters Local 25") and Sean M. O'Brien ("O'Brien") bring this action against Guy Emerson for a breach of contract in connection with a settlement agreement and for libel and slander pursuant to state and common law.

2. On January 15, 2014, Plaintiffs filed a complaint in this Honorable Court against the Defendant under the Anti Cybersquatting Consumer Protection Act, 15 U.S.C. §1125 (d); Case Number: 1:14-cv-10095 (herein after referred to as "Complaint").

3. The Complaint was dismissed by Settlement Order by this Court on May 8, 2014 and formally dismissed on May 21, 2014.

4. Pursuant to the Complaint, the Plaintiffs and Defendant executed a Settlement Agreement on May 19, 2014 (Attached as Exhibit A).

5. In the Settlement Agreement, the Defendant agreed "to cease and desist cease from using a domain name which is in any way similar to or contains any part of TEAMSTERS'

      domain name; to cease and desist from the use of any registered trademarks of TEAMSTERS or the International Brotherhood of Teamsters, and to further cease from using any content obtained from TEAMSTERS' website; to cease and desist from making or publicizing any statements, whether false or defamatory, about TEAMSTERS, TEAMSTERS' President Sean M. O'Brien, Local 25's Business Agents and Officers, and any immediate family members of Business Agents or Officers of TEAMSTERS". (Exhibit A, ¶6)

6. The Settlement Agreement provided, in part, that if there are any violations of the Settlement Agreement, this Court shall have jurisdiction over the enforcement of the Agreement. (Exhibit A, ¶7).

7. The Defendant has violated and continues to be in violation of the Parties' Settlement Agreement and therefore, the Plaintiffs seek an Order that the Defendant has violated the Settlement Agreement and, pursuant to the terms of the Settlement Agreement, appropriate injunctive relief should be granted to the Plaintiffs and they should be awarded their attorney's fees and costs.

## JURISDICTION AND VENUE

8. Jurisdiction in this matter is based upon the diversity of citizenship, under 28 U.S.C. §1332. This Court has supplemental jurisdiction under 28 U.S.C §1367.

9. Defendant Guy Emerson has conducted business within this district and has otherwise made established contacts within this district sufficient to permit the exercise of personal jurisdiction.

10. Venue is proper in this district under 28 U.S.C. §1391 because a substantial part of the events giving rise to the claim have occurred and are occurring in this district.

## PARTIES

11. Plaintiff Teamsters Local 25 is an unincorporated labor organization within the meaning of 29 U.S.C. §152(5) which represents employees in collective bargaining. Teamsters Local 25's principal office is located at 544 Main Street, Boston, MA 02129.

12. Plaintiff Sean M. O'Brien ("O'Brien") is the elected President and Principal Officer of Teamsters Local 25 (collectively, Teamsters Local 25 and O'Brien are "Plaintiffs").

13. Defendant Guy Emerson's current known address is 22 Timber Ridge Ave., Sanford, ME 04073-4145. Defendant is a former employee of the Massachusetts Port Authority ("Massport") and, by virtue of his employment while at Massport, was a member of Teamsters Local 25.

## FACTS

14. Teamsters Local 25 is an approximately 11,000-member labor organization in the Greater Boston Area. It represents employees from hundreds of different employers in various industries.

15. Teamsters Local 25's name and website are associated with strong and loyal union membership and are respected by employers and business leaders in the area.

16. Teamsters Local 25's name and logos are distinctive and famous within the meaning of the Lanham Act.

17. On or about February 1, 2018, Defendant sent out e-mails to public officials and private parties with a link to website "www.massportnews.com" (hereinafter referred to as "blog"). (Attached as Exhibit B).

18. In the blog, the Defendant published false and defamatory statements about Plaintiffs Teamsters Local 25 and O'Brien.

19. February 9, 2018, Defendant sent another email to the Massport Director and employees stating that he would continue publishing defamatory information on its blog and again provided the website to its blog. (Attached as Exhibit C).

20. The Defendant published and continues to publicize false and defamatory information about the Plaintiffs on its blog, in violation of the Parties' Settlement Agreement.

21. The Defendant has included a replicated display of Teamsters Local 25's registered trademark and photographs of Teamsters Local 25 President Sean M. O'Brien on its blog, in violation of the Parties' Settlement Agreement.

22. Defendant has issued false statements with the intent to harm Plaintiffs' reputations, in violation of the Parties' Settlement Agreement.

23. Plaintiffs through its counsel, has made attempts, albeit unsuccessful, that Defendant cease and desists from further defamatory actions.

24. Plaintiffs has incurred monetary damages, including costs and legal expenses associated with Defendant's defamatory actions.

25. Defendant publishes information that is false and defamatory to Plaintiffs, in violation of the Parties' Settlement Agreement, and have caused Teamsters Local 25 and O'Brien to be embarrassed and disgraced among labor organizations and the public, in the greater Boston community, and nationwide, and has harmed the professional reputation of O'Brien and Teamsters Local 25.

## COUNT I

(Violation of Contract)

26. Plaintiffs repeats and incorporates for reference the allegations contained in Paragraphs 1-25 as set forth fully herein.

27. Plaintiffs and Defendant entered into a Settlement Agreement (Exhibit A) on May 19, 2014.

28. In the Settlement Agreement, the Defendant agreed, in part, to "cease and desist from the use of any registered trademarks of TEAMSTERS or the International Brotherhood of Teamsters, and to further cease from using any content obtained from TEAMSTERS' website; to cease and desist from making or publicizing any statements, whether false or defamatory about TEAMSTERS, TEAMSTERS' President Sean M. O'Brien, Local 25's Business Agents and Officers, and any immediate family members of Business Agents or Officers of TEAMSTERS."

29. Defendant refuses to comply with the Settlement Agreement and continues to use and replicate Teamsters Local 25's registered trademark, continues to use contents obtained from Plaintiff, Teamsters Local 25's website, and continues to make, publicize and publish statements false and/ or defamatory about Teamsters Local 25 and O'Brien.

30. As a direct and proximate cause of the Defendants' failure to abide by its Settlement Agreement with the Plaintiffs, Plaintiffs have suffered damages including but not limited to embarrassment, damaged professional reputation, defamation, monetary damages, including costs and legal expenses associated with Defendant's defamatory blog.

31. Plaintiffs are entitled to specific performance of the terms, conditions and provision of the Parties' Settlement Agreement and seek injunctive relief as provided in the Settlement Agreement ordering the Defendant to: a.) cease and desist from using and/ or replicating Teamsters Local 25's registered trademark, b.) cease and desist from using contents obtained from its website, c.) cease and desist from making, publicizing and publishing statements false or defamatory about "Teamsters, TEAMSTERS' President Sean M.

      O'Brien, Local 25's Business Agents and Officers, and any immediate family members of Business Agents or Officers of TEAMSTERS" as per the Settlement Agreement.

32. Plaintiffs are entitled to the relief agreed to by the Defendant in the Settlement Agreement; namely "The parties further agree that if a party is found to have breached the terms of the Agreement the imposition of injunctive relief by the Court will not be opposed and shall be considered appropriate given the difficulty of establishing monetary relief in the event of a breach. The parties further agree that if a party is found to have breached the terms of the Agreement, the breaching party will be responsible for the attorneys' fees and cost associated with any legal action to enforce the Agreement." (Exhibit A, ¶7)

## COUNT II

### (Defamation)

33. Plaintiff Sean M. O'Brien repeats and incorporates for reference the allegations contained in Paragraphs 1-32 as set forth fully herein.

34. Defendant published false and defamatory statements in writing concerning O'Brien to third parties.

35. The false and defamatory statements made by the Defendant relate to the Plaintiffs' profession and business.

36. Defendant published statements that have materially and adversely affected the reputation of O'Brien in the greater Boston labor community and worldwide.

37. Defendant published these statements with knowledge that they were false and/or with reckless disregard to whether or not they were false and with the intent of defaming O'Brien.

38. O'Brien has and will continue to suffer actual harm because of Defendant's action.

39. Plaintiffs assert that it is likely that they will recover damages in excess of $75,000 on this claim.

40. Because Defendant's defamatory conduct has caused and is likely to cause substantial injury to Plaintiff, O'Brien, he is entitled to injunctive relief, and to recover from any damages, and any other relief as the Court deems just and proper

WHEREFORE, Plaintiffs Teamsters Local 25 and Sean M. O'Brien pray the Court:

A. Enter an order that the Defendant violated the Settlement Agreement and enforce injunctive relief by order that the Defendant abide by the provision of the Parties' Settlement Agreement; to cease and desist from the use of any registered trademarks of TEAMSTERS or the International Brotherhood of Teamsters; cease from using any content obtained from TEAMSTERS' website; to cease and desist from making or publicizing any statements, whether false or defamatory, about TEAMSTERS, TEAMSTERS' President Sean M. O'Brien, Local 25's Business Agents and Officers, and any immediate family members of Business Agents or Officers of TEAMSTERS;

B. Award the Plaintiffs the liquidated damages as provided for in the Settlement Agreement, costs in connection with this suit, including reasonable attorney's fees and expenses;

C. Award the Plaintiffs damages for Defendant's defamatory conduct; and

D. Award the Plaintiffs such other relief as the Honorable Court may deem just and proper.

Respectfully submitted,

For the Plaintiffs,
Teamsters Local No. 25,
International Brotherhood of Teamsters and
Sean M. O'Brien

By their attorneys,

/s/ Michael A. Feinberg
Michael A. Feinberg, Esq. # 161400
Renee J. Bushey, Esq. # 629444
Feinberg, Campbell & Zack, P.C.
177 Milk Street, 3rd Floor
Boston, MA 02109
(617) 338-1976 (v)
(617) 338-7070 (f)
maf@fczlaw.com
rjb@fczlaw.com

Dated:  March 8, 2018