# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into between TEAMSTERS LOCAL UNION NO. 25 ("TEAMSTERS" or "Local 25") and GUY EMERSON ("MR. EMERSON").  This Agreement shall become effective on the day that it becomes signed by all parties (the "Effective Date").

## WITNESSESTH

WHEREAS, TEAMSTERS has filed a complaint against MR. EMERSON in the United States District Court for the district of Massachusetts ("USDC"), Docket No. 14-10095-WGY (the "Cybersquatting Complaint"), alleging that MR. EMERSON has wrongly used and maintained the domain name www.teamsterslocal25.net and otherwise defamed Local 25 and its Officers; and

WHEREAS, MR.EMERSON has filed a complaint against TEAMSTERS in the Suffolk County Superior Court, Docket No. 14-0022A (the "Superior Court Complaint"), alleging that TEAMSTERS had discriminated against him in violation of Chapter 151B of Massachusetts General Laws and intentionally inflicted emotional distress among him; and

WHEREAS, MR. EMERSON has filed charges with the Department of Labor Relations ("DLR"), Docket Nos. UPL-12-1884 and UPL-12-2341, ("DLR Complaints") alleging among other things that TEAMSTERS violated its duty of fair representation with respect to MR. EMERSON; and

WHEREAS, TEAMSTERS denies that it engaged in any form of unlawful discrimination or violated its duty of fair representation with respect to the allegations in either the Superior Court Complaint or the DLR Complaints respectively; and

WHEREAS, TEAMSTERS and MR. EMERSON desire to settle fully and finally all differences between them regarding the Cybersquatting Complaint, the Superior Court Complaint, and the DLR Complaints;

NOW THEREFORE, in consideration of the mutual promises contained in this Agreement, the parties agree as follows:

1.    Non-Admission.  TEAMSTERS, its Officers and Agents deny that they engaged in any form of unlawful activity with respect to the above complaints, and acknowledge that this Agreement shall not be construed as an admission of any liability.

2.    Dismissal of the Complaints and Charges.   At the time this Agreement is executed, TEAMSTERS shall execute and deliver a withdrawal of the Complaint in the form attached hereto as "Exhibit A".  MR. EMERSON  shall execute and deliver the withdrawals of the Superior Court Complaint and the DLR Complaints in the form attached hereto as "Exhibit B" and "Exhibit C" respectively to the attorney for TEAMSTERS for filing.

3.    Sale of Domain Name.  The parties agree to transfer the domain name "www.teamsterslocal25.net" ("domain name") from MR. EMERSON to Feinberg, Campbell & Zack, P.C. as part of this Settlement Agreement.  MR. EMERSON hereby transfers to Feinberg, Campbell & Zack, P.C. all right, title

2

and interest in and to the identified domain name, including all internet traffic associated with the domain name. As consideration for sale of the domain name, MR. EMERSON shall be paid the amount of Three Thousand ($3,000.00) Dollars.  This sum shall be paid within five (5) business days from the Effective Date of this Agreement.

After the receipt of the payment for the domain name, MR. EMERSON shall within three (3) business days take the necessary actions required to change the registered ownership of the domain name to "Feinberg, Campbell & Zack, P.C."

4.    Retraction.  MR. EMERSON hereby agrees to publish a retraction email to every party previously sent the emails alleged to be defamatory by the TEAMSTERS. The retraction email shall state: "I have resolved my issues with Teamsters Local 25 and Sean M. O'Brien.  I hereby retract previously made statements which are considered to be defamatory by Teamsters Local 25, Sean M. O'Brien and its officers and agents."   MR. EMERSON will copy Sean M. O'Brien and the attorneys for TEAMSTERS on the retraction email.  The retraction email shall be made within three (3) business days from the execution of this Agreement.

5.    Mutual Release of Claims.     MR. EMERSON hereby irrevocably and unconditionally releases, acquits and forever discharges TEAMSTERS, its agents, directors, officers, fiduciaries, insurance carrier, employees, representatives, and attorneys (collectively, the "Releasees"), from any and all charges, complaints, claims, liabilities, obligations, agreements, damages, actions, causes of action, suits, demands, costs, losses, debts and expenses, relating to or arising out of his membership and representation by TEAMSTERS that MR. EMERSON now has,

owns, or holds, or claims to have, own, or hold against each or any of the Releasees on or prior to the date of his execution of this Agreement. This release shall include without limitation all Claims made or that could have been made in connection with the Superior Court Complaint and the DLR Complaints or all claims of discrimination or retaliation under any federal, state or local statute or ordinance, including Massachusetts General Law Chapter 151B.

TEAMSTERS hereby irrevocably and unconditionally releases, acquits and forever discharges MR. EMERSON, his agents and representatives from any and all charges, complaints, claims, liabilities, obligations, agreements, damages, actions, causes of action, suits, demands, costs, losses, debts and expenses, relating to or arising his use of the domain name and defamation of TEAMSTERS that TEAMSTERS now has or claims to have hold now has, owns, or holds, or claims to have, own, or hold against MR. EMERSON on or prior to the date of his execution of this Agreement. This release shall include without limitation all claims made or that could have been made in connection with the Cybersquatting Complaint and all claims under any federal, state or local statute or ordinance.

6.  Cease and Desist.  MR. EMERSON agrees to cease and desist from using a domain name which is in any way is similar to or contains any part of TEAMSTERS' domain name; to cease and desist from the use of any registered trademarks of TEAMSTERS or the International Brotherhood of Teamsters, and to further cease from using any content obtained from TEAMSTERS' website. MR. EMERSON agrees to cease and desist from making or publicizing any statements, whether false or defamatory, about TEAMSTERS, TEAMSTERS'

4

President Sean M. O'Brien, Local 25's Business Agents and Officers, and any immediate family members of Business Agents or Officers of TEAMSTERS.

7.    <u>Violation of the Agreement</u>.  The parties agree that if a party is found in violation of any portion of this Agreement the United States District Court for the District of Massachusetts shall have jurisdiction over the enforcement of this Settlement Agreement.  The parties further agree that if a party is found to have breached the terms of the Agreement the imposition of injunctive relief by the Court will not be opposed and shall be considered appropriate given the difficulty of establishing monetary relief in the event of a breach. The parties further agree that if a party is found to have breached the terms of the Agreement, the breaching party will be responsible for the attorneys' fees and cost associated with any legal action to enforce the Agreement.

8.    <u>Confidentiality</u>.    TEAMSTERS and MR. EMERSON agree that the terms, amount and other facts concerning this Agreement shall be confidential.  MR. THOMAS and TEAMSTERS agree not to disclose specific information relating to this Agreement to any third parties, including but not limited to, the media or other current or past members of TEAMSTERS unless required by TEAMSTERS by-laws, subpoena or compulsory process.  In response to any inquiries relating to this Agreement, MR. EMERSON and TEAMSTERS may respond that "the matter is resolved."   Notwithstanding the generality of the foregoing, this confidentiality clause is intended to be enforceable only to the extent permitted by law and is not intended to impede the investigative powers of any state or federal anti-discrimination agency.

9.    <u>Binding Nature of Agreement</u>.  This Agreement shall be binding upon each of the parties and upon their heirs, administrators, representatives, executors, successors, and assigns of each of them, and shall inure to the benefit of each party and to the heirs, administrators, representatives, executors, successors, and assigns of each of them.

10.   <u>Governing Law.</u>  This Agreement shall be deemed to be made and entered into in the Commonwealth of Massachusetts, and shall in all respects be interpreted, enforced, and governed under the laws of said Commonwealth, without giving effect to the conflict of laws principles of said Commonwealth. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

11.   <u>Severability</u>.  Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement.

12.   <u>Modification of Agreement</u>.  This Agreement may be amended, revoked, changed or modified only upon a written agreement executed by all parties.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by all parties

13.     <u>Counterparts</u>. This Agreement may be executed in counterparts, in each counterpart, when executed, shall have the efficacy of a signed original.

<u>                                       </u>     05-19-14

GUY EMERSON             Date


TEAMSTERS LOCAL UNION 25

By:                                5-19-14
       Name:                   Date
       Title:

7

# EXHIBIT B

**From:** Guy Emerson <massportnews@yahoo.com>
**Date:** February 1, 2018 at 1:01:14 PM EST
**To:** "James.Arciero@████████" <James.Arciero@████████>
**Cc:** "Brian.Ashe@████████" <Brian.Ashe@████████>, "Cory.Atkins@████████"
<Cory.Atkins@████████>, "Bruce.Ayers@████████" <Bruce.Ayers@████████>,
"Ruth.Balser@████████" <Ruth.Balser@████████>, "Christine.Barber@████████"
<Christine.Barber@████████>, "john.barrett@████████" <john.barrett@████████>,
"F.JayBarrows@████████" <F.JayBarrows@████████>,
"Jennifer.Benson@████████" <Jennifer.Benson@████████>,
"Donald.Berthiaume@████████" <Donald.Berthiaume@████████>,
"Nicholas.Boldyga@████████" <Nicholas.Boldyga@████████>,
"Paul.Brodeur@████████" <Paul.Brodeur@████████>, "Antonio.Cabral@████████"
<Antonio.Cabral@████████>, "Thomas.Calter@████████"
<Thomas.Calter@████████>, "Kate.Campanale@████████"
<Kate.Campanale@████████>, "Linda.Campbell@████████"
<Linda.Campbell@████████>, "James.Cantwell@████████"
<James.Cantwell@████████>
**Subject: MASSPORT NEWS WEBSITE**

GO TO: http://massportnews.com/

# EXHIBIT C

From: Guy Emerson  <massportnews@yahoo.com<mailto:massportnews@yahoo.com>>
Date: February 9, 2018 at 11:40:52 AM EST
To: "tglynn
<tglynn
Cc: "dgambone
 <dgambone
"efreni
<efreni
"kstrong
<kstrong
Subject: Bad Reference From Massport

Mr. Glynn,

It has been five years since I was unjustly fired by Massport for reporting racism occurring at
Massport. Since that time I have done my best to move on with my life, which is what I thought
Massport Officials wanted me to do, but obviously not! Several weeks ago I applied for a job in
the Midwestern United States, as I am looking to return home, and was very disappointed  when
my prospective employer told me that he could not hire me, because Massport had given me a
bad reference, and had referred to me as "unreliable, and untrustworthy."
During the eight years that I worked at Massport, I was neither unreliable, nor untrustworthy.
The fact is, I was a valued Massport employee until I went over Michelle Freadman's head, and
reported a politically connected Massport employee, to the Massachusetts Commission Against
Discrimination, for discriminating against minorities at Massport. That is the real reason that I
was retaliated against, and ultimately fired by Massport, but you know that already.
How can you help me, you ask? I would like my Personnel File to reflect the truth, which is that
I was a valued employees during my eight years of service at Massport. I don't think that this is
too much to ask, given that it is the truth.
 In closing, I must admit,  I am still very disappointed that I did not get the job that I applied for,
because of the bad reference that Massport gave me, but on the bright side, I now have all of the
time in the world to create the most comprehensivel website ever created about Corrupt and
Racist Politicians in Massachusetts.
http://massportnews.com/<https://urldefense.proofpoint.com/v2/url?u=ht
tp-3A__massportnews.com_&d=DwMFaQ&c=1XoZxQJyt2gHLFE_bvTIdHn1XrU03FNEWI
HnzbfZimE&r=jo6WR-k80aAvvDcqtVJhSjnTSjS3hLWbRN0-WqJUG9s&m=U8vDqXlwgfpe
t_Ud29LCv86w8r0hMIrydFfu_vHOYnw&s=5EBjLvl0qYKI85H_NYoTphp1HgzpcpDKJzuM
NJlU-sQ&e=>


My Regards,

Guy Emerson